WALDEN, Judge,
dissenting:
I respectfully dissent. My assessment of the pleadings and the proofs reflects that specific performance positively should have been granted because:
1. There was substantial partial performance by the purchaser so as to take this oral contract out of the operation of the statute of frauds in that, among other things:
a. There was payment of $4,900.00 to the sellers upon the purchase price between May, 1972, and October, 1973, in the form of seven checks. On six of the check stubs, it was noted that same were payments on the two homes in question. Mr. Simmons acknowledged such purchase and that the payments were not rent, although he later recanted.
b. Purchaser by payment reduced the outstanding mortgage balance from $3,941.00 to $562.00.
c. Purchaser took exclusive possession and retained it for more than four years.
d. Purchaser made substantial improvements.
2. As to Mrs. Simmons, the wife, the evidence reflects that Mr. Simmons was acting with the knowledge, consent, and acquiescence of his wife in dealing with the purchaser. Either Mr. Simmons was her agent or she is estopped by her conduct from disavowing the transaction.
In my opinion, the denial of specific performance here is inequitable and permits the Simmons to be unjustly enriched at appellant’s expense.
I would reverse and remand with instructions to grant specific performance.